

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-81,736-01 & -02

### EX PARTE MATTHEW MASON MCKNIGHT, Applicant

### ON APPLICATION FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 30056A AND 30056B IN THE 3RD JUDICIAL DISTRICT COURT
### FROM ANDERSON COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of possession of a controlled substance with intent to deliver and sentenced to thirty years' imprisonment for count one and twenty years' imprisonment for count two, to run concurrently. The Twelfth Court of Appeals affirmed his convictions. *McKnight v. State*, No. 12-11-00365-CR (Tex. App. – Tyler July 31, 2013).

Applicant contends, *inter alia*, that his counsel rendered ineffective assistance because

counsel advised Applicant to decline an offer from the State of fifteen years' imprisonment. Applicant alleges that counsel advised him to decline the offer because the most the State could prove was simple possession with a maximum jail sentence of ten years. Instead, Applicant pleaded "not guilty" and was sentenced to thirty and twenty year concurrent sentences.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 608 (1984); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall provide Applicant's counsel with the opportunity to respond to Applicant's claim of ineffective assistance of counsel. The trial court shall also provide the prosecutor with the opportunity to respond as to whether a plea offer was made. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact as to whether the State extended an offer of fifteen years' imprisonment in exchange for Applicant's plea of "guilty" to the charges alleged in the indictment. If the State did make such an offer, the trial court shall make findings as to whether counsel conveyed this offer to Applicant and whether counsel advised Applicant to decline the offer, and if so, why. If the trial court finds counsel did not pass along this offer and Applicant would have accepted the offer, the court shall make specific findings as to whether the prosecution would have withdrawn the offer and whether the trial court would have accepted the offer. The trial court shall

make findings as to whether the performance of Applicant's attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 17, 2014

Do not publish